IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2149-D

**Bobby Ray Parker**,

           Petitioner,

v.                                        **Memorandum & Recommendation**

**Justin Andrews,**

           Respondent.

      Petitioner Bobby Ray Parker pled guilty in 2007 to a number of offenses, including possessing firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Now, in his third collateral attack against his conviction, he claims that the district court should not have accepted his guilty plea because he did not actively employ a firearm in connection with the drug trafficking offense. He contends that after *Bailey v. United States*, 516 U.S. 137 (1995)[1], the active employment of a firearm in furtherance of a drug trafficking offense was an essential element of a § 924(c) offense. *See* Pet'r's Mem. Supp. at 1–3, D.E. 1-1. Additionally, Parker claims that his plea agreement is invalid because the district court did not properly advise him about the active employment aspect of the § 924(c) offense prior to entering his plea. Parker seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 vacating his conviction and the sentence imposed in connection with the § 924(c) offense.

      In response, the Government argues that Parker cannot proceed under § 2241 because he cannot show that a petition under § 2255 is an inadequate or ineffective means to address his

---

[1] Parker also makes reference to *Robinson v. United States*, 516 U.S. 137 (1995) and *Bousley v. United States*, 523 U.S. 614 (1998). *Robinson* was a separate case that was consolidated with *Bailey*. *Bailey*, 516 U.S. at 138. In *Bousley*, the Supreme Court determined that *Bailey* applied retroactively to cases on collateral review. *Bousley*, 523 U.S. at 620.

1

claim. D.E. 6. Although Parker acknowledges that he has previously brought an unsuccessful collateral attack against his sentence in the past, he asserts that he may proceed under § 2241 because § 2255 is inadequate or ineffective to address his claim. D.E. 1-1 at 1.

The pleadings and other relevant documents demonstrate that the court lacks jurisdiction to address Parker's § 2241 petition because § 2255 is not inadequate or ineffective to address his claims. Parker failed to establish that there has been a substantive change in the law after his initial § 2255 motion that would render the conduct that led to his § 924(c) conviction non-criminal. Additionally, the court cannot convert Parker's § 2241 petition into a § 2255 motion because he has previously collaterally attacked his conviction and has not received permission from the Fourth Circuit Court of Appeals to bring a successive habeas challenge. Therefore, the undersigned recommends that the district court grant the Government's Motion to Dismiss and dismiss Parker's § 2255 motion without prejudice.

I. Background

In April 2006, officers from the Rocky Mount Police Department arrived at Parker's home to arrest him on charges related to the sale of heroin. D.E. 1-1 at 6. After his arrest, Parker allowed the law enforcement officers to search his home and directed them to the front room of his house. D.E. 1-2. A search of the front room yielded 16.2 grams of heroin, 12.8 grams of powder cocaine, a Ruger P89DC semi-auto pistol, 9mm ammunition, currency, and drug paraphernalia. *Id.*

Subsequently, the Government charged Parker in a criminal information with conspiracy to distribute more than one kilogram of heroin and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Parker*, No. 5:07-CR-163-F-1 (E.D.N.C. Aug. 6, 2007) *("Parker I")*, D.E. 3. Parker eventually pled guilty to both counts, *id.* D.E. 6, and the district

2

court sentenced him to 188 months in prison for the conspiracy charge and 60 months in prison for the firearm charge, *id.* D.E. 14.

In 2009, and again in 2013, Parker filed § 2255 motions challenging the validity of his conviction and sentence. *Id.* D.E. 15, 44. Both times the district court denied his motion, *id.* D.E. 25, 46, and his attempts to appeal were unsuccessful, *United States v. Parker*, 363 F. App'x 220 (4th Cir. 2010) (per curiam); *United States v. Parker*, 547 F. App'x 243 (4th Cir. 2013) (per curiam). Parker now makes a third attempt to challenge his conviction and sentence, but does so under the auspices of 28 U.S.C. § 2241.

## II. Section 2241 Petition

Although Parker filed his petition under § 2241, he is attacking the legality, as opposed to the execution, of his sentence. *See* D.E. 1-1 at 3 ("[T]he petitioner has filed this 2241 contesting the legality of his conviction…."). Therefore, he must proceed under 28 U.S.C. § 2255 unless he can show that the remedy provided by that statute "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A petitioner cannot demonstrate that § 2255 is inadequate or ineffective merely by showing that he "is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Instead, § 2255 is considered inadequate or ineffective when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

3

*Id.* at 333–34. If Parker cannot establish all three elements, then the court must dismiss his petition for lack of jurisdiction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Here, Parker is unable to establish the second element because the substantive law has not changed since his original § 2255 motion so that the conduct at issue—possession of a firearm in furtherance of a drug trafficking crime—is no longer criminal. *See, e.g.*, *Rice*, 617 F.3d at 807. Parker relies upon the Supreme Court's 1995 decision in *Bailey* to argue that he is legally and factually innocent of the crime of possession of a firearm in furtherance of a drug trafficking crime. He also directs the court to *Bousely v. United States*, 523 U.S. 614 (1998), which held that *Bailey* applied retroactively to cases on collateral review. However, as he filed his initial § 2255 motion in 2009, 14 years after *Bailey* and 11 years after *Bousley*, those opinions cannot constitute a subsequent change in the law for purposes of *Jones*.

More importantly, Parker cannot rely on *Bailey* to establish his innocence of the § 924(c) offense because Congress amended § 924(c) in 1998 to explicitly criminalize possession of a firearm in furtherance of a drug trafficking crime. *United States v. Lomax*, 293 F.3d 701, 704 (4th Cir. 2002). Therefore, the district court appropriately found Parker guilty of a violation of § 924(c).

Because Parker has not demonstrated that § 2255 is an inadequate or ineffective remedy, he must proceed under that section. While the court has the ability to convert a § 2241 petition into a § 2255 motion in some circumstances, it cannot do so here because Parker has already unsuccessfully sought relief under § 2255. D.E. 1 at 3. Parker contends that he did not file § 2255 motions but, instead, the court merely "construed" them as habeas corpus petitions. Pet.'s Resp. in Opp'n at 3, D.E. 9. However, Parker filed each of his motions on the form used by the

4

court for filing motions under § 2255 and they were properly adjudicated as such. *Parker I*, D.E. 16, 44.

In light of Parker's prior attempts to obtain relief under § 2255, he may only pursue a successive habeas corpus petition if he receives permission from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255(h). The record does not indicate that he has obtained the required authorization from the Fourth Circuit. Therefore, because Parker is unable to proceed under either § 2241 or § 2255, the undersigned recommends that the district court dismiss his § 2241 Petition without prejudice.

## IV. Conclusion

Parker has failed to demonstrate that he is entitled to challenge the legality of his sentence under the provisions of 28 U.S.C. § 2241 because he cannot show that a motion under § 2255 would be inadequate or ineffective to provide him with the relief he seeks. However, the court is unable to convert his § 2241 motion to a § 2255 motion because he has previously made unsuccessful attempts to challenge his sentence under that provision and has not received permission from the Fourth Circuit Court of Appeals to bring yet another habeas corpus petition. Therefore, the undersigned recommends that the district court grant the Government's Motion and dismiss Parker's Petition without prejudice.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Parker. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

5

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Parker does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985)**.

Dated: September 28, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge